PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ENRIQUE BÁEZ, Defendant and Appellant.

No. 3642. Argued January 24, 1929.—Decided July 23, 1929.

14

*Enrique Báez García* and *R. Rivera Zayas,* for appellant. *José E. Figueras,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On September 8, 1927, a complaint was filed in the Municipal Court of Mayagüez against appellant herein, charging him with a misdemeanor as committed by him on September 20th of the preceding year. He was convicted in the municipal court and on appeal to the district court he was tried *de novo* and again convicted. He has appealed to this court from the latter judgment and urges, as the first ground of his appeal, that the trial court erred in overruling his motion for dismissal of the prosecution on the ground of prescription.

As may be noted from the dates above stated, the complaint was filed twelve days before the expiration of the year fixed by section 79 of the Penal Code as the period of limitation for the prosecution of misdemeanors. But the appellant contends that said period of limitation is not interrupted by the mere filing of the complaint but by the summoning of the defendant to appear for trial, or by his arrest; and that as he was not so summoned until October 22, 1927, his arrest taking place several days later, the prosecution herein is barred.

Section 79 of the Penal Code provides as follows:

"The prosecution for any misdemeanor must be commenced within one year after its commission."

Misdemeanors are identified in section 13 of the same code.

The point raised by this assignment of error has been covered by this court in *People* v. *Capestany,* 37 P.R.R. 547, while considering section 78 of the code regarding felonies, which, both in Spanish and English, is worded similarly to section 79, except that in those offenses the period of limitation is three years, save in cases of prosecution for murder, the embezzlement of public money, or falsification of public

records. In the *Capestany* case above cited, the defendant was arrested before the expiration of the three years for the prescription of the criminal prosecution but the information was filed subsequent to that time, and after carefully considering the question of prescription therein alleged this court said among other things: "If the warrant of arrest had not been issued, then the filing of the information should be considered." In the present case it does not appear whether an arrest was made prior to the filing of the complaint; therefore, such filing before the expiration of one year from the commission of the offense interrupted the prescription, because that was the first step taken in the prosecution thereof.

The institution or commencement of any action is the taking of the first step towards prosecuting it and bringing another person before a court of justice. In civil actions the filing of the complaint interrupts the time of prescription and a similar effect is produced in criminal actions by the filing of the accusation or charge, provided no arrest has been previously made. As said by the Supreme Court of Indiana in *State* v. *Simpson,* 76 N. E. 344, quoted in the *Capestany* case, *supra*: "The indictment is the method by which the issue is made up on which the party is to be tried. It is a prosecution, therefore, by indictment, although the prosecution is commenced by warrant. The meaning is that prosecution for misdemeanors, the trial of which must be by presentment or indictment, shall be commenced in 12 months." In *State* v. *Howard,* 15 Rich. Law, 274, 282, the Court of Appeals of South Carolina said: "The complaint made to a magistrate is the commencement of a prosecution sufficient to arrest the act of limitation." Several cases are cited.

Therefore, in accordance with our statute, the period of limitation was interrupted in the present case by the filing of the complaint and not by the service of notice of the trial as contended by appellant, because such period is interrupted by the act of the complainant in filing his complaint, which is the commencement of the action, and not by the act of

another person more or less diligent in serving a summons or in making an arrest. If the intention of the Legislature had been to have the time of prescription interrupted by the service of the summons or by the arrest, it would have so stated clearly and would not have provided, in effect, that it was the institution or commencement of the action which interrupted it. As regards an arrest, it is said in 16 C. J. 231 that it is not a part of the commencement of a criminal action.

Before dismissing the matter under consideration we wish to state that we might have disregarded the first assignment of error, because the record herein contains no showing as to the date on which appellant was summoned for trial or when he was arrested, except the unverified statement of appellant made in the motion filed by him for a dismissal of the prosecution on the ground of prescription.

In the second assignment, error is claimed in the overruling of the demurrer to the complaint on the ground that the facts alleged do not charge the commission of a public offense. The complaint filed in the municipal court is as follows:

"I, José R. Gelpí, District Attorney, a resident of Mayagüez, P. R., 112 Méndez Vigo street, fifty years of age, file this complaint against Enrique Báez for violation of section 92 of the Penal Code, in connection with the Act directing municipal and district court clerks and marshals to deposit official funds in banking institutions, approved March 12, 1908, a misdemeanor committed as follows: Said defendant Enrique Báez, while he was Clerk of the District Court for the Judicial District of Mayagüez, P. R., and acting in his official capacity, received in Mayagüez from the Marshal of the District Court of Mayagüez, on or about September 20, 1926, the sum of one thousand dollars, proceeds from a judicial sale in civil action No. 11919 of said court, and said Enrique Báez wilfully and purposely failed to deposit immediately after its receipt the aforesaid sum in the banking institution designated for depositing the funds received by said Enrique Báez as Clerk of the District Court of Mayagüez etc."

It is contended by the appellant that the facts alleged in

18

that complaint do not constitute a public offense because as the Penal Code was enacted prior to the passage of the statute with which it is connected in the present case the code could not cover situations of fact which then had no existence.

Section 92 of the Penal Code provides as follows:

"Every wilful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor."

These provisions are so broad that they do not refer only to omissions to perform official duties enjoined by law at the time of the enactment of the code, but also to such duties as might be enjoined at any time, and the section is therefore applicable to the statute with which the complaint connects it, even though that statute be, as it actually is, later than the code. It is true, as alleged by appellant, that the Act of March 12, 1908, directing the clerks to deposit in banking institutions official funds received by them, contains no penal provisions; but this was unnecessary, because the quoted section of the Penal Code contains a general provision for the punishment of public officers who wilfully omit the performance of any duty enjoined by law.

It is likewise true that the said statute does not contain in its Spanish text any provision directing the immediate deposit of such funds, there having been eliminated from that text a paragraph which appears in its English text so providing; but in 1908, when the statute went into effect, there existed the Executive Council, one of the functions of which was to act as a legislative chamber, and at that time laws were approved in English; hence the English text of the statute must prevail in the present case.

The appellant further contends that the complaint is insufficient because it does not name the banking institution where the funds should have been deposited; but this was unnecessary, it being sufficient for the complaint to allege that they had not been deposited in the banking institution designated

for that purpose. If the accused was interested in being informed as to the banking institution, he could have moved for that particular to be specified.

The third assignment is based on the refusal of the trial court to strike out certain evidence introduced by the prosecution.

It was shown by the prosecution at the trial that on the day the records of appeal in the present and two other cases against appellant herein reached the District Court of Mayagüez, said records contained receipts signed by the appellant, one of them for the $1,000 referred to in the complaint, but that on the following day the said receipts had disappeared from the court. Thereupon the prosecution introduced secondary evidence to prove that the appellant had subscribed said receipts at the time and for the purposes already mentioned; and appellant maintains as ground for the assigned error that the best evidence was not that introduced but a carbon copy of each receipt that must exist in the office of the clerk of the court. We do not know of any statute, nor are we cited to any, requiring the making of such carbon copies of the receipts signed by the clerk, nor has there been any evidence that it was so required under any regulations issued by competent authority. Besides, it was proved that in the cash-book kept by the appellant clerk there is an entry in his own handwriting to the effect that he had received the said amount on September 20, 1926.

It is urged by the appellant in his fifth assignment that the court erred in holding that the word "immediately" is unnecessary and may be stricken from the complaint. We have already stated that this word is to be found in the English text of the statute and that owing to the date of the enactment thereof the English text must prevail over the Spanish. But even should that ruling of the trial court be erroneous, it was beneficial rather than harmful to the appellant, since it tended to eliminate the peremptory feature of an immediate delivery.

There are four assignments of error which may be discussed jointly as they all refer to the evidence. They are as follows:

"IV. The court erred in denying the motion for a nonsuit made by defendant during the trial of the cause.

"  *      *      *      *      *      *      *

"VII. The court erred and acted with passion, prejudice and partiality against the defendant in weighing the evidence in the case.

"VIII. The court erred in convicting defendant without evidence to show that defendant acted with criminal intent and negligence.

"IX. The court erred and acted with passion, prejudice and partiality in pronouncing sentence against the defendant."

It was shown at the trial that the appellant, in his capacity as Clerk of the District Court of Mayagüez, received as a deposit from the marshal of said court on September 20, 1926, the sum of $1,000, proceeds of a public sale of property owned by certain minors; that on October 5th of the same year, the date on which an inspector from the office of the Auditor audited the accounts of the clerk, that sum had not been deposited by the appellant in any of the Mayagüez branches of the Royal Bank of Canada, the Banco Comercial de Puerto Rico, or the American Colonial Bank, where the said clerk customarily deposited the funds received by him, although there was no evidence that such banks had been designated by the court for that purpose; that said money was deposited after the accounts had been examined and that it was not in the safe of the clerk at the time the inspector began his work, the amount found there at the time being only $371.87.

In view of the above facts—that fifteen days after the appellant had received the money the same had not been deposited in the banks where he usually made his deposits nor did he keep it in his safe when the audit of the accounts began on October 5, 1926—we must reach the conclusion, based on the evidence introduced by the prosecution, that the lower court did not commit the three errors above mentioned, since it

being provided by the statute that clerks must deposit immediately in the banks the official funds received by them, such deposits must be made as soon as possible under the circumstances of each case. The same conclusion would be reached if the statute did not contain the word "immediately", as happens in the Spanish text thereof, because it is logical to infer that, if the statute provides that the deposits be made, it should be understood that they must be made as soon as possible and not at the discretion of the clerk.

As to the absence of proof that the court had designated a particular banking institution for making the deposits therein as provided by law, it has no importance, since the appellant customarily made the deposits, without any objection on the part of the court, in the three banks above mentioned, and such acquiescence may be considered as tantamount to a tacit designation by the court.

There remains to be considered the sixth assignment of error, based on the ground that the lower court erred in holding that the offense charged herein is defined by the Act of 1908 referred to above. The error does not exist. The act really imposes on clerks of court the duty heretofore mentioned, and it thereby defines the obligation incumbent upon them whose omission is made punishable by the Penal Code.

The judgment appealed from must be affirmed.